UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DANIEL ALEJANDRO OFANTO ROMERO,    )
    )
    Petitioner,    )
    )
    v.    )    No. 2:26-cv-00112-JRS-MG
    )
PAMELA BONDI, *et al.*,    )
    )
    Respondents.    )

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Daneil Alejandro Ofanto Romero is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on February 2, 2026, and is detained at the Clay County Jail in Brazil, Indiana. Mr. Ofanto Romero now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing pursuant to 8 U.S.C. § 1226(a). Dkt. 1 at 10–11.

For the reasons explained below, the Court grants the petition to the extent that no later than **5:00 p.m. on April 01, 2026**, Respondents must either: (1) afford Mr. Ofanto Romero an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Ofanto Romero from custody, under reasonable conditions of supervision.

I.    **Background**

Mr. Ofanto Romero is a Venezuelan citizen. Dkt. 1 ¶ 15. He entered the United States in 2023. *Id.* ¶ 22. A Notice to Appear was issued on October 4, 2023, and Mr. Ofanto Romero was granted parole for two years. Dkt. 1-2; dkt. 17-2. Mr. Ofanto Romero states that he has a pending asylum application. Dkt. 1 ¶¶ 23, 27. The federal respondents state that he has no pending

1

applications with U.S. Citizenship and Immigration Services. Dkt. 17 at 3. ICE detained Mr. Ofanto Romero on February 2, 2026, at a routine appointment at its Chicago Field Office. Dkt. 1 ¶ 24. He was served with an I-200 Warrant for Arrest of Alien form on the same day. Dkt 17-3 at 4.

The Notice to Appear charges Mr. Ofanto Romero with inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant not in possession of suitable travel, identity, and nationality documentation and notes that he is being paroled into the United States. Dkt. 17-2.

The federal respondents concede that Mr. Ofanto Romero "is not 'arriving' in the United States—he has been here since 2023." Dkt. 17 at 5.

## II.      Discussion

Mr. Ofanto Romero claims that his current detention violates the Immigration and Nationality Act ("INA") (Count I), the Due Process Clause of the Fifth Amendment (Count II), the consent decree issued in *Castañon-Nava* (Count III), and the Suspension Clause in Article I, Section 9, Clause 2 of the U.S. Constitution (Count IV). Dkt. 1 ¶¶ 31–45. Respondents counter that Mr. Ofanto Romero is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A); that the *Castañon-Nava* consent decree does not apply; and that his detention does not violate due process. Dkt. 17.

The Court finds that Mr. Ofanto Romero's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing. Because Mr. Ofanto Romero is entitled to habeas corpus relief on these grounds, the Court does not address Petitioner's other arguments.

### A.  8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain

certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings under 8 U.S.C. § 1229(a), also known as "full removal," are initiated by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond . . . ; or

(B) conditional parole[.]

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a

3

threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B. Mr. Ofanto Romero Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)**

The record reflects that Mr. Ofanto Romero is eligible for a bond hearing under § 1226(a).

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Ofanto Romero who have lived in the interior of the United States for years. *See Sandoval v. Crowley*, No. 2:25-cv-560-JRS-MKK, 2025 WL 3760760, at *3–6 (S.D.

4

Ind. Dec. 30, 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See, e.g., See Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *14–19 (S.D. Ind. Oct. 11, 2025).

The respondents here cite several contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 17 at 9. Notably, the respondents cite a recent Fifth Circuit Court of Appeals decision, which upheld the government's interpretation of § 1225(b)(2)(A) in finding that "seeking admission" is a permissible redundancy for "applicant for admission." Dkt. 17 at 9–10; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026). The Court is not convinced, however, that the Seventh Circuit will follow *Buenrostro-Mendez* and therefore continues to rely on *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), as persuasive precedent.[1,2] In *Castañon-Nava*, the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. This Court has applied those established canons of statutory interpretation in its previous cases and has reached the same conclusion. Because neither

---

[1] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

[2] After this matter was fully briefed, the Eighth Circuit decided *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026), and joined the Fifth Circuit in upholding the government's interpretation of § 1225(b)(2)(A). This Court continues to adhere to the Seventh Circuit's reasoning in *Castañon-Nava* for the reasons set out above.

*Buenrostro-Mendez* nor the other cases cited by the respondents are binding on this Court, the Court declines to depart from its previous reasoning.

Accordingly, the Court concludes that Mr. Ofanto Romero is entitled to a bond hearing under § 1226, and it declines to reach his other arguments.[3] *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

## III.    Scope of Relief

Mr. Ofanto Romero is entitled to habeas relief because his continued detention without a bond hearing violates "the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Ofanto Romero requests immediate release from custody or, in the alternative, an individualized bond hearing. Dkt. 1 at 10–11. Immediate release is the customary remedy in habeas proceedings. *See Thursaissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Ofanto Romero's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations.

---

[3] Although the Court need not resolve Mr. Ofanto Romero's additional arguments, the Court specifically acknowledges his argument that a district court order in *Castañon-Nava* entitles him to immediate release. However, the Seventh Circuit granted a stay of the district court's order mandating the release of individuals arrested pursuant to I-200 warrants. This undercuts Mr. Ofanto Romero's additional argument that the district court's order entitles him to immediate release. *See Castañon-Nava*, 161 F.4th at 1064; dkt. 17-3 at 4 (I-200 warrant).

## IV.    Conclusion

The Court grants the petition to the extent that no later than **5:00 p.m. on March 31, 2026**, Respondents must either: (1) provide Mr. Ofanto Romero with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Ofanto Romero from custody, under reasonable conditions of supervision. No later than **12:00 p.m. on April 2, 2026**, Respondents must file documentation certifying that they have provided Mr. Ofanto Romero with a bond hearing or released him from detention. The petition is **denied** to the extent it seeks declaratory relief or asks the Court to place parameters on a bond hearing beyond those identified in this paragraph. *See* dkt. 1 at 10–11.

The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Date: 3/27/2026

_____
JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

7